```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **THURSTON SANDERS,** | No. 17-cv-3430 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| **UNITED STATES, et al.,** | |
| Defendants. | |

APPEARANCE:
Thurston Sanders
Volunteers of America
5000 East Monument Street
Baltimore, MD 21205[1]
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Thurston Sanders, formerly incarcerated at Federal Correctional Institution ("FCI") Ft. Dix, in Ft. Dix, New Jersey, seeks to bring a civil rights complaint against the United States and other unidentified staff members employed at FCI – Ft. Dix for injuries he suffered as a result of falling from the top bunk bed. Plaintiff fails to identify the legal basis for his Complaint. Because Plaintiff is complaining about an injury he received while in federal custody, the Court will construe the Complaint as arising under Bivens v. Six Unknown

---

[1] The Court notes that the Bureau of Prison's Inmate Locater lists Plaintiff's current address as RRM Baltimore, Residential Reentry Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, MD 20701.

Federal Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

Plaintiff signed his Complaint on April 22, 2017, which was docketed on May 15, 2017. ECF No. 1. In it, Plaintiff alleges that he had requested a lower bunk for medical reasons for two months when, on March 30, 2015, he fell from the upper bunk during his sleep onto the concrete floor below. Id., Compl. at 3. He sustained significant injuries from the fall, including a coma for an unspecified period of time, and had to undergo reconstructive surgeries. Id. After his fall, Plaintiff was transported to the Capital Health Regional Medical Center and Hospital for further treatment. Id. Plaintiff states that his treating doctors have advised him that he may have medical issues that remain with him for the rest of his life and that he may need further treatment and therapy. Id. at 4.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis. See ECF No. 3 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Taking the factual allegations contained in the Complaint as true, it appears that Plaintiff's claims are time barred. As such, Plaintiff fails to state any claim upon which relief may be granted, and the Complaint must be dismissed. The Court, however, will grant leave to amend limited to the statute of limitations issue.

The statute of limitations for a Bivens action is governed by the pertinent state's limitations period for personal injury claims. Peguero v. Meyer, 520 F. App'x 58, 60 (3d Cir. 2013) ("A Bivens claim, like a claim pursuant to § 1983, is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims.").

Here, the claims are alleged to have occurred in New Jersey (FCI Ft. Dix), and between the time period of January 20, 2015 (when Plaintiff requested a lower bunk accommodation) through March 30, 2015 (when Plaintiff sustained injuries from his fall). On their face, without more, Plaintiff's claims appear to be time barred under New Jersey's two-year limitations period for personal injury claims, because he did not file the instant action until April 22, 2017.[2]  See N.J. Stat. Ann. § 2A:14-2(a).

---

[2] "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the

4

To the extent that Plaintiff wishes to bring his complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), such a claim would also be time-barred.  The FTCA provides a two-year statute of limitations for presenting any claim to the appropriate federal agency.  See 28 U.S.C. § 2401(b).  The FTCA also requires a claimant to file suit within six months from the agency's action on the claim.  28 U.S.C. § 2675(a).  Here, the Complaint lacks allegations that the Plaintiff presented a timely claim under the FTCA to the Bureau of Prisons during the requisite two-year limitations period or that Plaintiff brought this action within six months from the BOP's decision on any such FTCA claim.  As such, to the extent that Plaintiff intended to bring an FTCA claim, any FTCA claim would also be time barred.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will

---

action is based.'"  Montanez v. Sec'y Pa. Dep't of Corrs., 773 F.3d 472, 480 (3d Cir. 2014) (quoting Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)).  See also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) ("[a] claim accrues . . . as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury . . . not upon awareness that this injury constitutes a legal wrong").  Here, the injuries alleged to have been incurred by Plaintiff are the sort that would have been knowable when the alleged wrongful conduct occurred.

grant leave to amend in order to allow Plaintiff an opportunity to address the statute of limitations issue, including tolling.[3]

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim with leave to amend granted. An appropriate order follows.


Dated: February 23, 2018         s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

---

[3] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).